NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



WILLIAM J WRIGHT, a single person,

Plaintiff-Appellant,

v.

AIRWAY HEIGHTS CORRECTION
CENTER MSU; et al.,

Defendants-Appellees.

No. 22-36057

D.C. No. 2:20-cv-00436-MKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted September 9, 2024[**]
Seattle, Washington

Before: W. FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-Appellant William Wright, a former inmate at Airway Heights Correctional Center ("AHCC") in Washington State, appeals from the district court's grant of summary judgment in favor of the Defendant-Appellees in his prisoner civil rights action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment de novo. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Viewing the evidence in the light most favorable to Wright, "we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

First, the district court did not err when it declined to consider whether Wright's allegations about the care he received in 2015 and 2016 supported his claims. There is nothing in the record indicating that defendants were involved in his medical care in 2015 and 2016. Further, Wright's amended complaint made only incidental references to his 2015 surgery and 2016 x-rays. The district court properly concluded that those "vague references" did not sufficiently put defendants on notice of the nature of his claims. *See* Federal Rule of Civil Procedure 8(a)(2); *Lehman v. Nelson*, 862 F.3d 1203, 1213 (9th Cir. 2017).

Second, the district court did not err when it granted summary judgment to the defendants on Wright's medical negligence claim. To make out a claim for medical negligence under Washington law, Wright must show that his "injury resulted from the failure of a health care provider to follow the accepted standard of care[.]" *Miller v. Jacoby*, 33 P.3d 68, 71 (Wash. 2001) (en banc) (quoting RCW 7.70.030(1)). In addition, he must show "that the defendant health care provider 'failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances[.]'" *Id.* (quoting RCW 7.70.040(1)). Such a showing typically requires expert testimony, unless the "medical facts are 'observable by [a layperson's] senses and describable without medical training[.]'" *Id.* at 72–73 (quoting *Harris v. Robert C. Groth, M.D., Inc.*, 663 P.2d 113, 119 (Wash. 1983) (en banc)).

Wright did not present any expert testimony to show that the defendants breached the standard of care when they declined his request for additional foot surgery in 2018. He did not provide expert reports as required by Federal Rule of Civil Procedure 26(a)(2). And even if he had properly disclosed his treating orthopedic surgeon and podiatrist as experts, there was no evidence that either

3

physician could provide testimony to sustain a verdict in his favor. *See Reyes v. Yakima Health Dist.*, 419 P.3d 819, 822 (Wash. 2018) (en banc) (explaining that a plaintiff's expert must "say what a reasonable doctor would or would not have done, that the [defendants] failed to act in that manner, and that this failure caused [the] injuries") (quoting *Keck v. Collins*, 357 P.3d 1080, 1086 (Wash. 2015) (en banc)).

The district court correctly concluded that Wright could not prove his medical negligence claim without expert testimony. Although an average person could understand that Wright's severe foot pain and toe deformities would have been improved by medical treatment, the decision to deny additional surgery was not "so 'palpably negligent' as leaving foreign objects in a body or amputating the wrong limb." *Reyes*, 419 P.3d at 825. Even viewing all the evidence in Wright's favor, a reasonable jury could not conclude in the absence of expert testimony that it was negligent for the defendants to recommend conservative treatment instead of surgery for a patient in Wright's condition.

Wright has abandoned the remainder of his claims by not seeking review of the district court's other summary judgment holdings. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 965 (9th Cir. 2011) (finding that summary judgment rulings not challenged on appeal were abandoned).

**AFFIRMED.**